[Cite as *State v. Bumu*, 2017-Ohio-6901.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160492 |
| | | TRIAL NO. B-0410574A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| BRIMA BUMU, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 21, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Sarah E. Mosher,* for Defendant-Appellant.

**MILLER, Judge.**

{¶1}   Defendant-appellant Brima Bumu appeals from the Hamilton County Common Pleas Court's judgment overruling his motion to withdraw his guilty plea on the ground that he was not given the warning required by R.C. 2943.031 of the consequences of his felony drug-possession conviction for his immigration status. We affirm the court's judgment.

{¶2}   Bumu was convicted of marijuana possession in 2005 and sentenced to two years of community control.  In 2008, his community control was terminated after he had been imprisoned on subsequent drug-trafficking and trademark-counterfeiting charges.

{¶3}   Bumu did not appeal his 2005 conviction.  In 2014, he unsuccessfully applied to expunge the conviction.  In 2016, he filed a motion to withdraw his guilty plea on the ground that the trial court had not substantially complied with R.C. 2943.031 in advising him of the immigration consequences of his conviction.

{¶4}   In this appeal, Bumu advances a single assignment of error, challenging the common pleas court's exercise of its discretion in overruling the motion.  The assignment of error is not well taken.  There was no abuse of discretion.

### Immigration-Consequences Warning

{¶5}   Section 2943.031(A) of the Revised Code "creates a substantive right that supplements" Crim.R. 11 by effectively grafting onto the procedural rule a requirement that the trial court, before accepting a guilty or no-contest plea to an offense other than a first-time minor misdemeanor, advise a noncitizen defendant that his conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-894, 820 N.E.2d 355, ¶ 29.  Division (D) of R.C. 2943.031 requires a common pleas or municipal

court, upon motion, to permit the defendant to withdraw his plea, if the court, in the exercise of its discretion, determines that the warning was required, but was not given to a noncitizen defendant whose conviction upon his plea "may" subject him to deportation, exclusion, or denial of naturalization. *Id.* at ¶ 36. The statute contemplates a verbatim recital of its language. *Id.* at paragraph one of the syllabus. But if some warning was given, the court deciding a motion under R.C. 2943.031(D) "must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." *Id.* Substantial compliance occurs where, "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving," with the "test [being] whether the plea would have otherwise been made." *Francis* at ¶ 48, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). We review for an abuse of discretion. *Francis* at ¶ 36.

### *Bumu's Motion to Withdraw his Guilty Plea*

{¶6} In support of his motion to withdraw his guilty plea, Bumu argued that the trial court, before accepting his guilty plea, neither provided verbatim the warning required by R.C. 2943.031, nor substantially complied with that requirement, and that he would not have pled guilty if he had understood the immigration consequences of his conviction upon that plea.

{¶7} At the hearing on his motion, Bumu testified that when he signed his plea form at his trial counsel's office before his plea hearing, a friend had translated for him his counsel's assurance that the immigration-consequences of his conviction would be "no big deal" because the conviction could later be "take[n] off [his] record." He conceded that, at his plea hearing, the trial court had "probably" told him "[some]thing about the immigration consequences of his plea." But he insisted

that "at the time [he] was not understanding," because his "English was not as good at that time," and he had not had a translator.

{¶8}  The common pleas court then asked Bumu

Do you recall when I told you—I have a transcript here, I said to you: "Do you understand if you're not a citizen of the United States, that a conviction of this offense which you're pleading guilty to could have the consequence of deportation, taking you out of the country, or exclusion from admission of [sic] the United States or denial of naturalization, pursuant to the laws of the U.S.," and you said you understood that * * * ?

Bumu again conceded that the trial court "had probably said it," but insisted that he did not remember.

{¶9}  Bumu also testified that because of his 2005 conviction, he faced "deportation" and could not apply for "authorization for work."  And he stated that he would not have pled to the drug-possession charge had he known these consequences for his immigration status.

{¶10} The common pleas court determined that the trial court had "substantially complied with R.C. 2943.031(A) at Bumu's plea hearing."  And on that basis, the court overruled Bumu's motion to withdraw his plea.

### *No Abuse of Discretion*

{¶11} Bumu asserts on appeal that the common pleas court abused its discretion in overruling his motion to withdraw his guilty plea.  He argues that the court based its substantial-compliance determination solely upon the nonverbatim warning given by the trial court at the plea hearing and did not consider the evidence

presented at the hearing on the motion to withdraw showing that he had pled without subjectively understanding the immigration consequences of his plea.

{¶12} Unfortunately, Bumu has failed, as required by App.R. 9, to ensure that the record on appeal includes a bound, file-stamped, certified transcript of the proceedings at the 2005 plea hearing. Therefore, we cannot say that the common pleas court, in overruling Bumu's motion to withdraw his plea, abused its discretion.

{¶13} *The record on appeal.* Appellate review is strictly limited to the record on appeal. *Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898), paragraph one of the syllabus; *see Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13 (declaring, as "a bedrock principle of appellate practice in Ohio[,] * * * that an appeals court is limited to the record of the proceedings" before the court below). "[T]he record on appeal" is composed of three categories of documents identified in App.R. 9: "[t]he original papers and exhibits thereto filed in the trial court[;] the transcript of proceedings, if any, including exhibits[;] and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A)(1).

{¶14} The appellant bears the burden of "identifying in the record the error on which [an] assignment of error is based." App.R. 12(A)(2). It follows that, when an assignment of error depends for its resolution upon facts shown in a transcript of proceedings, the duty to provide that transcript necessarily falls upon the appellant. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶15} This principle is embodied in App.R. 9(B). *Id.* at 199. The rule imposes upon the appellant the duty to (1) order a transcript of any "proceedings [he] considers necessary for inclusion in the record," (2) "ensure that [those] proceedings * * * are transcribed in a form that meets the specifications of App.R. 9(B)(6)," and (3) ensure that the "bound" and "certif[ied]" transcript of the

proceedings required by App.R. 9(B)(6) is "filed with the clerk of the trial court under App.R. 10(A)." App.R. 9(B)(1), (3), (6)(b) and (j), and (7); *see Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988) (citing App.R. 9(B) and 10(A) and Section (1) of Rule IV of the Supreme Court Rules of Practice to hold that the appellant has the duty "to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review").

{¶16} When the appellant has failed in his duty to ensure that the record on appeal includes a transcript of proceedings necessary to the resolution of the assigned errors, "in a form that meets the specifications of App.R. 9(B)(6)," the reviewing court must presume the regularity of the lower court's proceedings and affirm the judgment of the court below. *Knapp* at 199; *see, e.g., State v. Render*, 43 Ohio St.2d 17, 21, 330 N.E.2d 690 (1975) ("The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken").

{¶17} ***No transcript of the plea hearing.*** Bumu's assignment of error requires him to identify in the record on appeal the alleged abuse of discretion by the common pleas court in overruling his R.C. 2943.031(D) motion. Specifically, he must show that the trial court, in accepting his guilty plea, could not be said to have substantially complied with R.C. 2943.031(A), because, "under the totality of the circumstances" surrounding the entry and acceptance of his plea, he did not subjectively understand the immigration consequences of his conviction and would not have pled if he had. Our disposition of this assignment of error necessarily entails an inquiry into all matters that transpired during both the 2016 hearing before the common pleas court on Bumu's motion to withdraw his plea and the 2005

hearing where he entered, and the trial court accepted, his guilty plea. While the record on appeal includes a bound, certified, file-stamped copy of the transcript of the proceedings at the 2016 hearing on the motion, it does not include a transcript of the proceedings at his plea hearing that conforms to the requirements of App.R. 9(B).

{¶18} An indigent defendant is entitled to one copy of a transcript of proceedings at state expense if he has pending an appeal or a postconviction proceeding. *State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 248, 193 N.E.2d 266 (1963). *Accord State v. Hawkins*, 1st Dist. Hamilton No. C-74425, 1975 WL 181869, *2 (July 7, 1975). A transcript of Bumu's plea hearing was not made a part of the original record because he did not appeal his conviction. Nor did he file a plea-hearing transcript conforming to the requirements of App.R. 9(B) for the common pleas court's decision on his R.C. 2943.031 motion to withdraw his guilty plea or for our decision in this appeal from the overruling of his motion.

{¶19} Instead, Bumu labeled as "exhibits" and attached to his 2016 motion to withdraw his guilty plea photocopies of transcripts of his 2005 plea and sentencing hearings. The common pleas court, at the hearing on Bumu's motion to withdraw his plea, referred to the plea-hearing transcript when questioning him concerning their plea colloquy. But those "exhibits" were not, as required by App.R. 9(B), bound, certified as correct with an original signature of the transcriber, or "filed with the clerk of the trial court under App.R. 10(A)." Therefore, they are not a part of the record on appeal. *See State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978) (holding that "[a]ttaching a photocopy of a transcript to a brief does not fulfill the appellant's obligation to furnish the transcript as part of the record on appeal or comply with the requirements of App.R. 9").

### *We Affirm*

{¶20} The common pleas court's decision overruling Bumu's motion to withdraw his guilty plea was discretionary. On his motion, Bumu bore the burden of proving that that the trial court, in accepting his guilty plea, had not substantially complied with R.C. 2943.031(A), because the totality of the circumstances surrounding the entry and acceptance of his plea showed that he had not subjectively understood the immigration consequences of his conviction upon that plea and that he would not have pled if he had. The common pleas court determined that Bumu had failed to sustain that burden. That determination, in the absence from the record on appeal of a plea-hearing transcript conforming to the requirements of App.R. 9(B), cannot be said to have been arbitrary, unconscionable, or the product of an unsound reasoning process. *See State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34 (defining an "abuse of discretion"). We, therefore, hold that the common pleas court did not abuse its discretion in overruling Bumu's motion.

{¶21} Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

DETERS, J., concurs.
ZAYAS, P.J., dissents.

ZAYAS, P.J., dissenting.

{¶22} I respectfully dissent. Bumu complied with App.R. 9(B) and 10(A), therefore this case should be decided on the merits. The record shows that the plea-hearing transcript was made a part of the record in the trial court and in the appellate court under App.R. 10(A), and Bumu requested that a complete transcript of the proceedings be filed. Because the clerk of the trial court did not transmit the bound copies of the transcripts, as requested by Bumu, I would direct that the

omission be corrected and that a supplemental record be filed and transmitted as authorized by App.R. 9(E).

### The Transcripts were Part of the Record in the Trial Court

{¶23} In his 2016 motion to withdraw his guilty plea, Bumu asserted that he is not a citizen of the United States, and was born in Sierra Leon. He also asserted that he had met with his attorney once or twice before the entry of his plea, an interpreter was not present at his plea hearing, and at the time of his plea he had been in the United States for about three years, was not familiar with the United States legal system, and had explained to the trial court that he understood "a little bit" of English. Bumu argued that at the time of the entry of his plea, he did not subjectively understand the immigration consequences of his plea as contemplated by the Ohio Supreme Court under *Francis*. *See Francis*, 104 Ohio St.3d 490, 2004-Ohio-984, 820 N.E.2d 355, at ¶ 36.

{¶24} The majority acknowledges that Bumu attached the transcripts of the plea and sentencing hearings as exhibits to the motion and filed them with the clerk of the trial court. During the hearing on the motion, the trial court explained to Bumu that it had the transcript of the plea hearing, then proceeded to read to Bumu the admonishment that the court had given to him before accepting his plea. Based on the admonishment that was memorialized in the plea transcript, the trial court denied the motion to withdraw the plea. There is no dispute that the transcripts were certified as accurate by the court reporter, filed in the trial court, relied upon by the court in denying the motion, and transmitted to the court of appeals as exhibits to the motion.

{¶25} However, the majority concludes that the transcripts are not part of the appellate record because they were not filed in the court of appeals as bound copies with front and back covers as required by App.R. 9(B)(6). Because the transcripts were not filed as bound copies in the court of appeals, the majority holds

that this court must affirm the trial court in the absence of the transcripts. In reaching this decision, the majority relies on the Rules of Appellate Procedure that were effective prior to 2014 and case law interpreting those rules.

### *2014 Amendments to the Ohio Rules of Appellate Procedure*

{¶26} Under the old rules, it was the appellant's obligation to "ensure that the proceedings" were transcribed in conformance with App.R. 9(B)(6). Former App.R. 9(B)(1). However, effective July 1, 2014, App.R. 9(B)(1) was amended to require the appellant to "make reasonable arrangements" for the transcription of the proceedings.[1] 2014 Staff Notes to App.R. 9.

{¶27} Additionally, App.R. 9, 10, and 11 were amended "to clarify that the appellant's duty is to make reasonable arrangements for the transcription of recorded proceedings and that the appellant does not have the ability, and thus does not have the duty, to compel a court reporter or other transcriber to meet his or her transcription obligations." 2014 Staff Notes to App.R. 9, 10, and 11. The note further explains that "the appellant should not be penalized for failing to produce a timely transcript if the deficiency is outside the appellant's control." *Id.*

{¶28} The trial court has the duty to select a court reporter with "the necessary qualifications and training to produce a reliable transcript that conforms to the requirements of App.R. 9(B)(6)." App.R. 9(B)(2). The transcriber is required to prepare the bound transcript, include an index of the witnesses and exhibits, and firmly attach the exhibits. App.R. 9(B)(6). The clerk of the trial court, not the appellant, has the duty to assemble and transmit the record, including the transcripts and exhibits, to the clerk of the court of appeals. App.R. 10(A) and (B).

---

[1] The current version of the rules do not include the "reasonable arrangements" language from the 2014 amendment to App. R. 9(B)(1). That language was not repealed or amended in 2015 or 2016.

10

{¶29} The appellant is required to file the notice of appeal and comply with App.R. 9(B) to "enable the clerk to assemble and transmit the record." App.R. 10(A). Under App.R. 9(B), the appellant must order the transcript in writing, file a copy of the transcript order with the clerk of the trial court, and arrange for the payment of the transcripts. App.R. 9(B). "If the appellant has complied with the duty to make reasonable arrangements for the transcription of the recorded proceedings under App.R. 9(B) and the duty to make reasonable arrangements to enable the clerk to assemble and transmit the record under this division, then the appellant is not responsible for any delay or failure to transmit the record." App.R. 10(A).

### *Reasonable Arrangements*

{¶30} Therefore, the threshold inquiry is whether Bumu "complied with the duty to make reasonable arrangements for the transcription of the recorded proceedings." If Bumu made reasonable arrangements, he is not responsible for the failure to transmit the record. App.R. 10(A).

{¶31} This case presents an issue of first impression. Because the rules were amended in 2014, there is no case law interpreting the duty to make reasonable arrangements. However, based upon the plain language of the amended rules, "the appellant's burden is no longer to ensure that the record is filed; the burden instead is just to take the steps required by App. R. 9 and App. R. 10(A)." Painter and Pollis, *Ohio Appellate Practice*, Section 4.1 (2016).

{¶32} The record shows that when Bumu appealed, he ordered the transcript in writing and filed a copy of the transcript order with the clerk of the trial court as required by App.R. 9(B)(3). As required by 1st Dist. Loc.R. 3.2, Bumu filed the criminal docket statement provided by this court. In the criminal docket statement, Bumu requested that a complete transcript of proceedings be filed and obtained the

court reporter's certification acknowledging that approximately 50 pages[2] would be prepared by August 1, 2016, pursuant to 1st Dist. Loc.R. 10.[3]  As required by App.R. 10(A), Bumu complied with App.R. 9(B) by ordering the transcript and filing the docket statement which requested a complete transcript of proceedings.  Bumu satisfied his duty to make reasonable arrangements to ensure the transcripts were filed.

{¶33}  The record of proceedings does not contain an explanation as to why the clerk of courts failed to transmit a bound copy of all of the requested transcripts.  Accordingly, I cannot hold Bumu responsible for the omission of the transmission of the plea transcript.  *See* App.R. 10(A).

{¶34}  "App.R. 9(E) grants an appellate court the power to conform the record so that material inadvertently omitted is included.  The rule is to be construed liberally."  *King v. Niswonger*, 2d Dist. Darke No. 2013-CA-1, 2014-Ohio-859, ¶ 10, quoting *In re Estate of Reeck,* 21 Ohio St.3d 126, 127, 488 N.E.2d 195 (1986).  An inadvertent omission of material that was part of the trial court proceedings may be added to the record on appeal.  *Id.*  "Fairness and justice are best served when a court disposes of a case on the merits."  *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982).  Therefore, I would direct the clerk of courts to correct the omission and provide a supplemental record as authorized by App.R. 9(E).

Please note:

The court has recorded its own entry on the date of the release of this opinion.

---

[2] The complete transcript of the proceedings, including the plea and sentencing hearings, totaled 38 pages.
[3] At the time that Bumu filed the docket statement, 1st Dist. Loc.R. 10 was no longer effective.