[Cite as *State v. Mallory*, 2025-Ohio-5064.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :   C.A. No. 2025-CA-18 |
| Appellee | : |
| | :   Trial Court Case No. 25CR00091 |
| v. | : |
| | :   (Criminal Appeal from Common Pleas |
| JEREMIAH L. MALLORY | :   Court) |
| | : |
| Appellee | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 6, 2025, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and HANSEMAN, J., concur.

DARKE C.A. No. 2025-CA-18

MORGAN T. GALLE, Attorney for Appellant
JACOB S. SEIDL, Attorney for Appellee Jeremiah L. Mallory
CHRISTOPHER P. LANESE, Attorney for Appellee State of Ohio

EPLEY, P.J.

{¶ 1} In this Marsy's Law interlocutory appeal, the victim L.S. appeals from the judgment of the Darke County Common Pleas Court accepting the guilty plea of defendant Jeremiah Mallory, which had been entered without providing L.S. a chance to be heard on the issue of restitution. For the reasons that follow, the plea is reversed, and this matter is remanded for a new plea hearing to be held in accordance with Marsy's Law.

## I.   Facts and Procedural History

{¶ 2} On June 22, 2025, Mallory stole a vehicle belonging to L.S. and then led Greenville Police on a high-speed chase through the city. Eventually, Mallory lost control of the vehicle and crashed it into a building, causing significant damage to the vehicle and the structure. Mallory was injured and transported by helicopter to Miami Valley Hospital.

{¶ 3} Four days later, on June 26, 2025, Mallory was charged with failure to comply with an order or signal of a police officer, a third-degree felony, and grand theft of a motor vehicle, a fourth-degree felony. Mallory and the State negotiated a plea agreement that was memorialized and filed with the court on August 22. The plea agreement stated:

The Defendant would withdraw his previous plea of not guilty to Count 1 [failure to comply] and enter a plea of Guilty as charged. The State would dismiss Count 2 [grand theft]. The parties would make recommendations at the time of sentencing. There is restitution in the amount of $5,000.00 to the City of Greenville.

2

The plea form was signed by the prosecutor, the defense attorney, and Mallory. It was not signed by the trial court.

{¶ 4} On August 25, 2025, Mallory appeared for a change-of-plea hearing. There, the prosecutor stated the terms of the plea on the record and explained how they arrived at the amount of restitution owed to the city. But the prosecutor added that there was also the intention to attain restitution for L.S. as well. Specifically,

The State also would note, and it's not on the plea agreement, but it is crucial to this plea that there is also restitution to [L.S.], who is the owner of the vehicle that was stolen and crashed into the building. We are going through the paperwork to make a determination of what that is. [L.S.] is in the courtroom today here and has additional paperwork for me to go through with him.

Plea Tr. 4. Defense counsel then conferred with Mallory, who stated that he understood L.S. would get restitution when the number was calculated and was still willing to go through with the plea. The trial court then engaged in the requisite colloquy with Mallory, accepted the plea, and set disposition for October 6.

{¶ 5} The trial court then filed a document on August 27, 2025 entitled "Judgment Entry of Conviction." It summarized the plea hearing, found that Mallory had knowingly, intelligently, and voluntarily entered the plea, and ordered that Count 2 of the indictment be dismissed. The court then, through the document, ordered that the "matter be deferred for sentencing until October 6, 2025 [at] 9:45 am, and that prior to such time the Adult Probation Department shall compile a Pre-sentencing Investigation Report." Finally, the court ordered Mallory's bond to be continued with additional requirements.

{¶ 6} The case did not proceed to disposition, though, because on October 2, 2025, L.S. filed a notice of appeal, seemingly appealing from the August 22 guilty plea form. This

3

court questioned whether that document was a final appealable order and whether we had jurisdiction to review the matter. On October 10, L.S. filed an amended notice of appeal, this time stating that he was appealing from the trial court's August 27 "Judgment Entry of Conviction." He alleged that the trial court erred when it accepted a plea agreement that denied him "the opportunity to confer with the prosecution, to be heard, and to request restitution prior to the dismissal of the charge for which he was the victim."

{¶ 7} On October 15, 2025, Mallory responded with two motions—a motion to dismiss and a motion to strike. As to the motion to dismiss, Mallory argued that this Court lacked jurisdiction to hear the appeal because: (1) L.S. lacked standing; (2) there was no final appealable order, nor judgment entry denying an asserted right; and (3) the notices of appeal were untimely. He argued in the motion to strike that L.S.'s filings should be stricken because they were untimely and submitted without leave of the court. L.S. filed a brief in opposition to Mallory's motions.

{¶ 8} L.S. raises one assignment of error on appeal. The State and Mallory have filed responsive briefs. After briefing was completed, the parties appeared before this Court for oral argument on October 28, 2025.

## II.     Standing Issues

{¶ 9} We initially questioned L.S.'s standing to bring an appeal because we were "unable to determine whether [he] made a 'request to enforce' or a 'challenge to an order denying' his rights in the trial court." That question has been answered in the affirmative. The Ohio Supreme Court has held that "when a victim of a crime seeks to enforce his or her constitutional rights by submitting a request to the trial court, the victim has standing to file a direct appeal." *State v. Brasher*, 2022-Ohio-4703, ¶ 22. This Court has recently noted that when a victim submits a "Victims' Rights Request Form," he or she has requested

4

enforcement of his or her constitutional rights and is permitted to file an appeal. *State v. Trent*, 2025-Ohio-1278, ¶ 28 (2d Dist.). In this case, the State concedes that while it had a victim's rights form from L.S., it was never filed with the court. Accordingly, it appears that L.S. did all that was required of him to invoke his rights in this case.

{¶ 10} We conclude that L.S. had standing to file an appeal and overrule the motion to dismiss.

### III. Marsy's Law

{¶ 11} In his assignment of error, L.S. contends that the trial court erred when it accepted Mallory's plea agreement because it did not explicitly grant him restitution and because he was not granted the opportunity to confer with the prosecution or to be heard at the plea hearing. Our analysis, however, focuses on the right to be heard.

{¶ 12} Marsy's Law, an amendment to Article I, Section 10a of the Ohio Constitution, expanded the rights afforded to crime victims. The law "arose from a national victims'-rights movement," which "seeks to give crime victims constitutional rights that are equal to the rights of individuals accused of committing crimes." *Centerville v. Knab*, 2020-Ohio-5219, ¶ 11-12. "Consistent with this national movement, the Ohio amendment initiative sought to give crime victims and their families meaningful and enforceable rights." *Id.* at ¶ 13.

{¶ 13} Marsy's Law enumerates ten specific rights: (1) the right to be treated with fairness, respect, and dignity; (2) the right to reasonable and timely notice of all public proceedings involving the criminal offense against the victim; (3) the right to be present at such proceedings; (4) the right to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole; (5) the right to reasonable protection from the accused; (6) the right to refuse discovery requests made by the accused; (7) the right to full and timely restitution; (8) the right to proceedings free from unreasonable delay; (9) the right to confer

5

with the attorney for the government; and (10) the right to be informed in writing of all rights enumerated in the section. Ohio Const., art. I, § 10a(A)(1)-(10).

{¶ 14} "[T]he victim . . . may assert the rights enumerated in [Marsy's Law] and any other right afforded to the victim by law" in "any proceeding involving the criminal offense . . . against the victim or in which the victim's rights are implicated." *Id.* at § 10a(B). "If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition." *Id.*

{¶ 15} To implement these rights, the legislature enacted new laws and amended existing ones under Revised Code Chapter 2930. For instance, "A victim . . . has standing as a matter of right to assert, or to challenge an order denying, the rights of the victim . . . . The trial court shall act promptly on a request to enforce, or on a challenge of an order denying, the rights of the victim. In any case, the trial court shall hear the matter within ten days of the assertion of the victim's rights. The reasons for any decision denying relief under this section shall be clearly stated on the record or in a judgment entry." R.C. 2930.19(A)(1).

{¶ 16} If the trial court denies the relief sought under R.C. 2930.19(A)(1), it must provide the victim and the parties with notice of the decision and a copy of the judgment entry. R.C. 2930.19(A)(2)(a)(i). The trial court must further provide the victim the following statement with the judgment entry:

NOTICE:

The victim, the victim's attorney, if applicable, or the prosecutor on request of the victim, may appeal this decision or petition to the court of appeals for an extraordinary writ. If such an interlocutory appeal or extraordinary writ is sought while the case is still pending in the trial court, it shall be initiated no later than fourteen days after notice of the decision was provided to the victim by

6

telephone or electronic mail to the latest telephone number or electronic mail address provided by the victim. The prosecutor or the prosecutor's designee shall provide the notice to the victim and the notice shall be memorialized in a manner sufficient to prove to the court the prosecutor or prosecutor's designee sent the notice. The court shall dismiss any such interlocutory appeal or petition as untimely if it does not comply with this fourteen-day limit.

R.C. 2930.19(A)(2)(a)(ii).

{¶ 17} L.S. argues that his right to be heard was violated when he appeared at the plea hearing but was not afforded the opportunity to speak. According to the statute, he is correct. R.C. 2930.09(A)(1) states that "[t]he victim . . . [has] the right to be heard by the court at any proceeding in which any right of the victim is implicated. If present, the victim . . . [has] the right to be heard orally, in writing, or both." Even more specifically, under R.C. 2930.09(B)(1), the victim has the right to be present and heard at any proceeding in which a negotiated plea will be presented to the court. If present, the victim has "the right to be heard orally, in writing, or both prior to the acceptance of the plea by the court." R.C. 2930.09(B)(1).

{¶ 18} The record in this case shows that L.S. was present at the plea hearing. The prosecutor acknowledged L.S.'s presence on the record and stated that she had been in contact with L.S. The prosecutor indicated she was waiting on paperwork to determine how much restitution L.S. would be entitled to receive. Despite having notice that L.S. was in the courtroom, the trial court did not give him an opportunity to be heard as contemplated by R.C. 2930.09(A) and (B). Because of this failure, L.S.'s constitutional and statutory rights were violated. This point is conceded by the State. *See State v. Anderson*, 2025-Ohio-1226, ¶ 28 (5th Dist.) (reversing judgment and remanding for resentencing after the trial court did

7

not permit victims to be make oral statements at a sentencing hearing). L.S.'s assignment of error is sustained.

## IV.     Conclusion

**{¶ 19}** Because L.S.'s rights under Marsy's Law were violated when he was not afforded the opportunity to be heard at the plea hearing, we reverse the trial court's August 27, 2025 "Judgment Entry of Conviction" and remand the matter for a new plea hearing. At the plea hearing, L.S. must be given a chance to be heard, and the issue of restitution to L.S. must be addressed and incorporated into a new plea agreement. When addressing restitution, the plea agreement need not necessarily include the exact amount, but at a minimum, the agreement must state that the issue of restitution is subject to a hearing after which the judge will decide the appropriate amount.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.