**[Cite as *State v. Bankston*, 2026-Ohio-580.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. No. 2025-CA-43 |
| Appellant | : |
| | :    Trial Court Case No. 2025CR0046 |
| v. | : |
| | :    (Criminal Appeal from Common Pleas |
| MACKINZEE A. BANKSTON | :    Court) |
| | : |
| Appellee | :    **FINAL JUDGMENT ENTRY &** |
| | :    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 20, 2026, the judgment of the trial court is reversed in part, the sentence is vacated, and the matter is remanded for further proceedings consistent with the opinion.

Costs to be paid as follows: 50% by appellant and 50% by appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

MEGAN A. HAMMOND, Attorney for Appellant
HOLLY M. SIMPSON, Attorney for Appellee

TUCKER, J.

{¶ 1} The State of Ohio appeals from the trial court's judgment entry sentencing appellee Mackinzee A. Bankston to four months in jail for aggravated drug possession, a fifth-degree felony. The State contends the sentence is contrary to law because it falls outside the statutory range for Bankston's offense.

{¶ 2} In response, Bankston concedes that his four-month sentence is two months short of the minimum sentence authorized by law. He nevertheless asserts that the trial court lacks jurisdiction to resentence him because his sentence expired on or about December 21, 2025.

{¶ 3} We conclude that Bankston's four-month sentence is contrary to law and that the trial court possesses jurisdiction to resentence him to an authorized term of incarceration. Accordingly, we reverse the trial court's judgment, vacate the four-month sentence, and remand the case for resentencing.

**I. Background**

{¶ 4} A grand jury indicted Bankston on the above-referenced charge and a forfeiture specification. He pled guilty in exchange for the State's recommendation of a community control sanction. The State's recommendation was contingent on Bankston not committing any bond violations or new offenses. Although Bankston later violated his bond by consuming alcohol, the State adhered to its recommendation. At sentencing, the State suggested community control sanctions with "a period of incarceration, or, alternatively,

some sort of community-based correctional facility." The trial court then explicitly found Bankston not amenable to community control, noting that it would demean the seriousness of his conduct. The trial court orally sentenced him to serve four months in jail. The trial court's judgment entry also imposed a four-month jail sentence. The entry stated that he was not amenable to community control and that "a combination of community control sanctions would demean the seriousness of the defendant's conduct and its impact on the victim."

## II. Analysis

{¶ 5} The State advances the following assignment of error:

**The trial court's sentence is clearly and convincingly contrary to law because it falls outside the statutory range for a felony of the fifth degree.**

{¶ 6} The State does not dispute the trial court's ability to order Bankston to serve a term of incarceration in the county jail rather than a prison. *See* R.C. 2929.34(B)(3)(c)(i) (requiring certain offenders sentenced for fifth-degree felonies to serve a term of incarceration in a local facility). The State nevertheless contends Bankston's four-month sentence is contrary to law because it falls outside the authorized statutory range for a fifth-degree felony. For his part, Bankston concedes the State's argument. He asserts only that his four-month sentence expired on or about December 21, 2025, depriving the trial court of jurisdiction to resentence him.

{¶ 7} Upon review, we find Bankston's four-month sentence to be clearly and convincingly contrary to law. The trial court did not impose the term of incarceration as part of a broader community control sanction. Indeed, the trial court explicitly found Bankston not amenable to community control. It also found that any combination of community control sanctions would demean the seriousness of his offense. The trial court instead directly

3

imposed a four-month term of incarceration for a fifth-degree felony conviction. Under R.C. 2929.14(A)(5), however, the authorized range was six, seven, eight, nine, ten, eleven, or twelve months. Therefore, Bankston's sentence is contrary to law and subject to being vacated under R.C. 2953.08(G)(2).

{¶ 8} Notwithstanding Bankston's argument to the contrary, the trial court also possesses jurisdiction to impose an authorized sentence on remand. "An inmate's release from prison does not necessarily vest him or her with an expectation of finality regarding his or her sentence if the length of the sentence is currently an issue on appeal." *State v. Roberts*, 2008-Ohio-3835, ¶ 20. When a statute grants the State the right to appeal, as R.C. 2953.08(B) does here, a defendant cannot have an expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired. *Id*. at ¶ 16, quoting *United States v. DiFrancesco*, 449 U.S. 117, 136 (1980). Moreover, when the State raises a sentencing issue on direct appeal, resentencing is allowed even if the defendant has been released from prison. *Id*. at ¶ 20-23. *Roberts* involved a direct appeal by the State and a stay by the court of appeals. The Ohio Supreme Court noted that either event was sufficient to place the defendant on notice that his sentence was subject to being overturned, negating any expectation of finality as well as any double-jeopardy issues, and allowing the defendant to be reincarcerated after his two-year sentence was increased to eight years on remand. *Id*. at ¶ 27-30.

{¶ 9} In *State v. Christian*, 2020-Ohio-828, ¶ 26, the Ohio Supreme Court recognized that "all sentences are subject to correction on direct appeal." Any aspect of a defendant's sentence may be challenged on direct appeal, and any erroneous part of a sentence may be corrected. *Id*. at ¶ 16. The majority in *Christian* held that the defendant could be resentenced on a specific count after the sentence was vacated on direct appeal. Noting the

4

absence of an expectation of finality, the majority reached this conclusion despite the defendant already having been "confined for the length of the original prison term that had been attached to that count." *Id*. at ¶ 1.

{¶ 10} In support of his contrary view, Bankston cites *State v. Brasher*, 2022-Ohio-4703. *Brasher* was a plurality decision that involved an attempt by crime victims to use a writ of mandamus to obtain a restitution order from the trial court after the defendant had completed his sentence. The lead opinion concluded that the victims should have taken a direct appeal from the trial court's failure to award restitution at sentencing. Absent a direct appeal, the lead opinion held that the trial court's judgment became final, res judicata applied, and the trial court lacked jurisdiction to award restitution after the defendant completed his sentence. *Id*. at ¶ 23. Significantly, the lead opinion recognized that "had the victims pursued restitution in a direct appeal, the trial court's judgment would not have become final, avoiding the timing and jurisdictional issues created by the absence of a timely appeal and Brasher's completion of his sentence." *Id*.

{¶ 11} We recognize that *Brasher* cited *State v. Holdcroft*, 2013-Ohio-5014*, overruled on other grounds* by *State v. Harper*, 2020-Ohio-2913, for the proposition that "[o]nce an offender has completed his or her sentence, the trial court loses jurisdiction to modify it." *Brasher* at ¶ 15, citing *Holdcroft* at ¶ 14-18. But neither *Brasher* nor *Holdcroft* involved a direct appeal from a defendant's conviction raising a sentencing issue. As noted above, *Brasher* involved a mandamus action to obtain restitution after a defendant had completed his sentence. *Holdcroft* involved an attempt to add post-release control to a defendant's 10-year sentence for aggravated arson after he had completed the term. The *Holdcroft* court observed that "a defendant's legitimate expectation of finality plays [a role] in constraining the court's authority to review a sentence." *Holdcroft* at ¶ 18. When the State has filed a

direct appeal from a conviction and challenges the lawfulness of a sentence, however, a defendant has no expectation of finality in the sentence. *Roberts*, 2008-Ohio-3835, at ¶ 16. "[T]he expectation of finality in a sentence that prevents resentencing for the same offense does not mature until the direct appeal is concluded or the time to appeal has expired." *State v. Armengau*, 2020-Ohio-3552, ¶ 17 (10th Dist.). "Thus, only after direct appeal is concluded or the time to appeal has expired does it become true that '[a] trial court does not have the authority to resentence a defendant . . . after the defendant has already served the prison term for that offense.'" *Id*., quoting *Holdcroft* at ¶ 14, 18, paragraph three of the syllabus.

{¶ 12} Here, unlike *Brasher* and *Holdcroft*, the State raised its sentencing-related argument in a direct appeal from Bankston's conviction. As a result, the trial court's judgment did not become final, res judicata did not apply, and Bankston lacked an expectation of finality in his unauthorized sentence. This court may correct the sentence on direct appeal, and the trial court possesses jurisdiction on remand to impose a sentence authorized by law. Accordingly, we sustain the State's assignment of error.

### III. Conclusion

{¶ 13} The judgment of the Greene County Common Pleas Court is reversed in part, Bankston's four-month jail sentence is vacated under R.C. 2953.08(G)(2), and the case is remanded for resentencing.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.