[Cite as *State v. Gibson*, 2026-Ohio-2007.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250134 |
| | | TRIAL NO. C/24/CRB/20135 |
| Plaintiff-Appellee, | : | |
| and | : | |
| VICTIM M.L., | : | *JUDGMENT ENTRY* |
| Appellant, | : | |
| vs. | : | |
| MARCUS GIBSON, | : | |
| Defendant-Appellee. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/29/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Gibson*, 2026-Ohio-2007.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250134 |
| | | TRIAL NO. C/24/CRB/20135 |
| Plaintiff-Appellee, | : | |
| and | : | |
| VICTIM M.L., | : | *O P I N I O N* |
| Appellant, | : | |
| vs. | : | |
| MARCUS GIBSON, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 29, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Michele L. Berry, LLC,* and *Michele L. Berry*, for Defendant-Appellee,

*M.L.*, pro se.

**Bᴏᴄᴋ, Judge.**

**{¶1}** Appellant M.L., the victim of a crime committed by defendant-appellee Marcus Gibson, challenges the trial court's restitution order and argues that the State violated her right to notice, to be heard, and to restitution. But because M.L. did not file a transcript of Gibson's trial court proceedings, we must presume their regularity. As a result, we overrule her assignment of error and affirm the trial court's judgment.

### I. Factual and Procedural History

**{¶2}** In 2024, the State charged Gibson with misdemeanor criminal damaging in violation of R.C. 2909.06(A)(1). According to the affidavit, Gibson poured bleach into M.L.'s vehicle's gas tank.

**{¶3}** The trial court issued two subpoenas for M.L. to testify at the trial. While M.L. received the first, the bailiff was unable to deliver the second subpoena because M.L.'s apartment building was locked.

**{¶4}** Gibson pleaded no contest, and the trial court convicted him of criminal damaging. It sentenced Gibson to 90 days in jail with credit for 90 days of time served, and ordered him to pay $387 in restitution to M.L.

### II. Analysis

**{¶5}** On appeal, M.L. argues that the prosecutor and victim advocate violated her right to be present, to be heard, and to receive restitution under Ohio Const., art. I, § 10a, commonly known as "Marsy's Law." According to M.L., she repeatedly demanded that the prosecutor seek "full restitution." M.L. insists that she and the probation office sent the prosecutor's office receipts for gasoline, a rental car, and repairs to M.L.'s vehicle to demonstrate that M.L. had suffered $1,656.40 in economic losses. And M.L. explains that the victim advocate assured her that she did not need to appear in court unless she received a subpoena to appear.

A. *Ohio crime victims have the right to appeal restitution orders*

{¶6}   Gibson points out that the trial court imposed a sentence of time served and he has completed his sentence, rendering his sentence final. While Gibson recognizes that we have jurisdiction to review his sentence and restitution order on direct appeal, he insists that the trial court lacks jurisdiction to modify his sentence under *State v. Brasher,* 2022-Ohio-4703. But that reliance on *Brasher* is misplaced.

{¶7}   For context, voters approved amendments to Ohio Const., art. I, § 10a in 2017. *See City of Centerville v. Knab*, 2020-Ohio-5219, ¶ 16. Marsy's Law dictates that a crime victim may assert her rights in a proceeding that implicates her rights, and if those rights are denied, the victim or her "representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition." Ohio Const. Art. I, § 10a(B). Following the passage of Marsy's Law, the Ohio legislature passed "new laws and amended existing ones under Revised Code Chapter 2930." *State v. Mallory*, 2025-Ohio-5064, ¶ 15 (2d Dist.). And when a trial court denies a crime victim a right provided by law, the victim or her "representative may appeal or, if the victim has no remedy on appeal, petition the court of appeals or supreme court for an extraordinary writ." R.C. 2930.19(A)(2)(b).

{¶8}   In *Brasher,* the Court considered "whether [victims] had the right to collaterally attack the trial court's judgment sentencing Brasher by seeking an extraordinary writ for a restitution order . . . after the sentencing court's judgment was final and Brasher's sentence had been completed." *Brasher* at ¶ 1. Relying on its void-sentence jurisprudence, the *Brasher* plurality held that "[w]ithout a timely appeal by the victims or the prosecutor, the trial court's initial judgment on Brasher's sentence— devoid of any order [granting] restitution to the victims—became final, and res judicata attached." *Id.* at ¶ 24, citing *State v. Henderson* 2020-Ohio-4784, ¶ 26-27,

4

34-38, and *State v. Harper,* 2020-Ohio-2913, ¶ 41. As a result, the *Brasher* victims could not assert their rights to restitution in a collateral attack of a final judgment. *Id.* at ¶ 26. That was so because a sentencing error made by a court with jurisdiction over both the case and the defendant makes the sentence "voidable," and a voidable sentence "may be set aside only if it is successfully challenged on direct appeal." *Henderson* at ¶ 27. This principle "secures parties' expectations in the finality of a judgment." *Id.* at ¶ 19.

{**¶9**}    But unlike the victims in *Brasher,* M.L. is challenging the trial court's restitution order on direct appeal. And "[a] conviction becomes final when all appellate remedies have been exhausted." *State v. Bishop*, 2014-Ohio-173, ¶ 10 (1st Dist.); *see State v. Armengau*, 2020-Ohio-3552, ¶ 17 (10th Dist.) ("[T]he expectation of finality in a sentence that prevents resentencing for the same offense does not mature until the direct appeal is concluded or the time to appeal has expired."); *see also State v. Bankston,* 2026-Ohio-580, ¶ 12   (2d Dist.) (holding that the defendant lacked an expectation of finality in his sentence when the State challenged that sentence on direct appeal). Indeed, the *Brasher* plurality made clear that, "had the victims pursued restitution in a direct appeal, the trial court's judgment would not have become final, avoiding the timing and jurisdictional issues created by the absence of a timely appeal and Brasher's completion of his sentence." *Brasher*, 2022-Ohio-4703, at ¶ 23.

{**¶10**}    Therefore, Gibson lacks an expectation of finality in his sentence. And despite Gibson's argument to the contrary, "the trial court possesses jurisdiction on remand to impose a sentence authorized by law" after an appellate court sets aside a voidable sentence on direct appeal. *See Bankston* at ¶ 12; *see also Armengau* at ¶ 17.

B. *Without a transcript, we must presume that M.L.'s rights were not violated*

**{¶11}** Turning to M.L.'s arguments, Marsy's Law guarantees a victim the right, "upon request, to reasonable and timely notice of all public proceedings involving the criminal offense . . . against the victim, and to be present at such proceedings." Ohio Const., art. I, § 10a(A)(2). And Marsy's Law provides that a victim of a crime has the right "to be heard in any public proceeding involving . . . sentencing." Ohio Const., art. I, § 10a(A)(3). The victim of a criminal offense also has a constitutional right "to full and timely restitution from the person who committed the criminal offense" under Marsy's Law. Ohio Const., art. I, § 10a(B). Meaning, a victim has the "right to seek and be awarded restitution." *Brasher* at ¶ 25.

**{¶12}** In addition to those rights, Marsy's Law creates certain obligation on prosecutors with respect to crime victims. Relevant here, a prosecutor has a statutory duty to review a victim's-rights-request form with the victim and file it with the court under R.C. 2930.04(I)(2)-(3), inform the victim of her rights and "the procedural steps in a criminal prosecution" under R.C. 2930.06(C), and give notice to the victim of criminal proceedings, if requested, under R.C. 2930.06(D)-(E). When required, notice must be given "by any means reasonably calculated to provide prompt actual notice." R.C. 2930.03(A).

**{¶13}** A crime victim also has the right to be heard at any proceeding that implicates her rights as a victim under R.C. 2930.09(A)(1), and particularly at sentencing hearings under R.C. 2930.14(A). If a victim or her representative is not present at a hearing that affects the victim's rights, the court must ask the prosecutor (1) if the victim requested and received notice of "the time, place, and purpose of the court proceeding," (2) what attempts were made to notify the victim, (3) if the victim was told she had a right to be heard at the proceeding, and (4) if the prosecutor

6

conferred with the victim. R.C. 2930.09(A)(2)(a)(i)-(iv). Before sentencing a criminal defendant, the court must allow the victim "to be heard orally, in writing, or both during the sentencing." R.C. 2930.14(A). Still more, the court must "consider a statement made by a victim" in addition to other sentencing factors. R.C. 2930.14(B). Relevant here, if the trial court finds that the victim lacked notice of the proceeding, it must not "impose a sentence and shall continue the court proceeding for the time necessary to notify the victim and victim's representative, if applicable, of the time, place, and nature of the court proceeding." R.C. 2930.09(A)(1)(b).

{¶14} M.L. attempts to prove that the prosecutor and victim advocate denied her both the right to notice and the right to be heard with several exhibits attached to her appellate brief. But our "review is strictly limited to the record on appeal." *State v. Bumu*, 2017-Ohio-6901, ¶ 13 (1st Dist.). The record on appeal, as defined by App.R. 9(A)(1), is limited to "[t]he original papers and exhibits" filed in the trial court, transcripts of proceedings, and a certified copy of the docket and journal entries. So, we cannot consider any evidence attached to M.L.'s appellate brief if it is not in the record. *See State v. Johnson*, 2019-Ohio-287, ¶ 27 (1st Dist.); *see also Ho v. Co,* 2023-Ohio-2969 ¶ 15 (1st Dist.).

{¶15} Significantly, M.L. did not file transcripts of the trial court proceedings. As the party challenging the trial court's order on appeal, M.L. had a duty to order transcripts of proceedings that she "considers necessary for the inclusion in the record." App.R. 9(B)(1). A transcript of proceedings is often critical to an appeal because the appealing party must "'identify[] in the record the error on which [an] assignment of error is based.'" *Bumu* at ¶ 14, quoting App.R. 12(A)(2). When an alleged error "depends for its resolution upon facts shown in a transcript of proceedings, the duty to provide that transcript necessarily falls upon the appellant." *Id.* Without a

transcript of the hearing, we "must presume the regularity of the lower court's proceedings and affirm the judgment of the court below." *Bumu* at ¶ 16; *see State v. Neal*, 2025-Ohio-2499, ¶ 12 (1st Dist.) (presuming the regularity of a plea hearing "and that the court engaged in a sufficient Crim.R. 11 plea colloquy, and provided an explanation of the charges and potential sentence" because the record lacked a transcript of the plea hearing).

{¶16}   Absent a transcript or other material in the record to substantiate M.L.'s claims, we must presume the regularity of the proceedings and that the State and trial court complied with Marsy's Law. Therefore, we must overrule M.L.'s assignment of error and affirm the trial court's restitution order.

### III.  Conclusion

{¶17}   We overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.